ORIGINAL

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF TEXAS

FILED
U.S. DISTRICT COURT
NORTHERN DIST. OF TX
FT. WORTH DIVISION
2017 JUN 27 PM 2: 22
CLERK OF COURT

Amended Charge

J Wesley Jones ( Sandy )
Plaintiff : Pro Se

Civil Action No.

v.

_4 : 17 – ev 00403_ -Y

Fort Worth Stage Employees Union Local 126
Defendant

_____COMPLAINT____And Jury Demand_____

Retaliations ; Adverse Employment Actions ; Hostile Work Environment : Assault ;

Denial of Rightful Work ; Firing  ;  Denial of Due Process of protected activity ;

Illicit Disciplinary Actions ;  False Reports  ;  Intentional Discrimination :

Additional pages attached :

---

Plaintiff :   J. Wesley ( Sandy )  Jones

2802 Reese Lane , Azle , Texas , 76020

817 896 2893          emeraldmesa@yahoo.com

Defendant : IATSE Fort Worth Stage Employees Local 126     # 817 - 929 - 9126

P.O.Box 185178 Fort Worth, Texas, 76181 – 0178

| # | Name | Phone |
|---|---|---|
| #1 | Ms. Marla Faulk | 817 296 6030 |
| #2 | Mr. Terry Behle | 352 226 5444 |
| #3 | Ms. Diane Freeman | 817 266 9149 |
| #4 | Mr. Dan Akeman | 817 284 1773 |
| #5 | Ms. Soni Speer | 817 336 6244 |
| #6 | Mr. Larry Henke | 817 706 7549 |
| #7 | Mr. Mike Stephens | 214 906 0852 |
| # 8. | Mr. Jason Hromadka | 817 504 1775 |
| # 9. | Mr. Carter Selby | 720 810 8405 |
| #10. | Mr. Chip Wood | 817 287 9291 |
| #11. | Mr. Tom Limb | 682 597 7921 |
| #12. | Mr. Garland Crafton | |

Defendants Address : Fort Worth Stage Employees Local 126
P.O.Box 185178 Fort Worth, Texas, 76181 – 0178

#13.    Ms. Martha Kinard      817 – 978 – 2921
Regional Director NLRB ( retired )

Page 1.

## II. Basis for Jurisdiction

I believe this court has the power to decide this case :

Title VII provides a clear mandate from Congress that the United States will no longer tolerate discrimination in the work place.

Civil Enforcement (29 U.S.C. 412 ) Section 102

Title VII. 2  Civil Rights Act of 1964 § 704(a), 42 U.S.C. § 2000e-3(a)

Title VII ; 704 ; 704(a) ; 706 ; 717 ;
Section 1981 and 1983 Civil Rights Act. (1994)
( 42 U.S.C. § 1981a ; 29 U.S.C. 794 )   ( 42 U.S.C. § 1981a (b))

( 42 U.S.C. § 1981a 2000e-5(g)(1)

Civil Rights Act of 1991 § 706 and 717

Retaliation under Title VII

Labor-Management Reporting and Disclosure Act of 1959
( 29 U.S.C. 401 )

Title I Civil Enforcement ( 29 U.S.C. 412 ) Sec. 102

Bill of Rights : Title I ( 29 U.S.C. 411 ) (5)
Title VI ( 29 U.S.C. 529 ) Sec. 609 ; ( 29 U.S.C. 530 ) Sec. 610 ;
( 29 U.S.C. 415 ) Sec. 105

Section 11(c) of the OSH Act.


B.  DEFENDANT :
INTERNATIONAL ALLIANCE OF THEATRICAL STAGE EMPLOYEES, MOVING PICTURE TECHNICIANS, ARTISTS AND ALLIED CRAFTS OF THE UNITED STATES, ITS TERRITORIES AND CANADA, AFLCIO, CLC

FORT WORTH STAGE EMPLOYEES LOCAL 126.
Individuals complicit in matters addressed in this charge :

Explain why you believe each defendant violated the law ; is responsible for injuries.

# 1.  Ms. Marla (Molly) Faulk       President of the Local Union ; Chair E- Board.
          Retaliation, a continuing action ; Adverse Employment Actions ;
     Abetting Retaliation ; Defamation ; False Charges ; An Invidious Vendetta :
# 2.  Mr. Terry Behle         President of the Cooperation ; Job Agent Steward
          Assaults ; Continuing Action Hostile Work Environment ;
          Picking Fights ; False reports : Abetting Retaliation
# 3.  Ms. Diane (D.D.) Freeman    Business Agent ; Call Steward ; E- Board
          False reports ; Abetting Retaliation;
          Assignment Unqualified Riggers :
# 4.  Mr. Dan Akeman         Sargent at arms - E-Board
          Abetting Retaliation ; Filing False Charges
# 5.  Ms. Soni Speer         Vice President - E-Board
          Abetting Retaliation ; Filing False Charges
# 6.  Mr. Larry Henke         Financial Secretary - E-Board
          Abetting Retaliation ; Filing False Charges
# 7.  Mr. Mike Stephens       Stage hand
          Abetting a Fight ; False Report ; Abetting Retaliation
# 8.  Mr. Jason Hromadka          Stage hand
          Abetting a Fight ;  Abetting Retaliation
# 9.  Mr. Carter Selby         Stage hand
          Abetting a Fight ; False reports ; Abetting Retaliation
#10.  Mr. Chip Wood          Stage hand
          False reports ; Picking a Fight ; Abetting Retaliation
#11.  Tom Limb          Stage hand
          False reports ; Abetting retaliation
# 12.  Garland Crafton       False reports ; False representation ; Retaliation
Address : Fort Worth Stage Employees Local 126    # 817 - 929 - 9126
     P.O.Box 185178 Fort Worth, Texas, 76181 – 0178

# 13.  Ms. Martha Kinard  : Regional Director, NLRB - retired :
          Obstruction of Justice ; Malfeasance ; abetting Retaliation
          Involved in acts that are the subject of this charge.

     Defendants should have known to not accede to involvement in illicit actions.    The defendants were involved in acts which are the subject of this charge and should have anticipated that they would be named in a Title VII suit.

                              Page 3.

## III. Statement of Claim

\# 1.      I am a rigger responsible for safe procedure of rigging projects.
I report problems and make suggestions regarding rigging safety.   It is a duty.

O.S.H.A.         Employees have a right to seek safety and health on the job without fear of punishment. That right is spelled out in <u>Section 11(c) of the OSH Act.</u>  The law forbids the employer from punishing or discriminating against employees for exercising such rights as : Complaining to the employer, union, OSHA, or any other government agency about job safety and health hazards.

I presented a Directive, Jan 3, 2015, that qualified riggers be assigned, in lieu of a reported unsafe member. The Directive was not abided and I reported the management responsible for a subsequent incident. No corrective action taken. The next year I was denied employment on that same job call in retaliation.

\# 1 A.      In 2011 I filed reports instrumental in establishment of a rule that qualified riggers be assigned to rigging.     Safety.

The Rule :       April 2011 :    IATSE 126 - Page 15
G Safety : In the interest of safety in the workplace, it is agreed that the following procedures shall be followed : 1 Rigging : All hanging of equipment from any structural member of a venue shall be installed by qualified riggers. The union will refer only experienced, qualified Employees for rigging. There shall be at least two (2) riggers in the air in addition to a qualified ground rigger whenever there are multiple points to hang or remove in any structural steel.
     Exhibits 2R; 3R; 4R, Reports illustrate the importance of assignment of Qualified riggers. Also that the rule continues to not be abided.

\# 2.      I have been retaliated against for my reports.
I was denied employment in 2016 for filing a Directive to assign Qualified riggers and my report, 3R, of the 2015 incident. I stated I would appeal and was told : " No, Wes. ".    I wrote a letter and was threatened with disciplinary action.
I filed a grievance which did not receive due process.    All Protected Activity.

\# 3.   February 12, 2016    Opened NLRB Case # 16 – CB – 169743
     with the National Labor Relations Board : Since about December 29, 2015, the above named labor organization, has refused to refer Sandy Wesley Jones for employment with the Fort Worth Stock Show and Rodeo....
     [ An Adverse employment Action]

# 4. May 31, 2016, Regional Director of the NLRB Ms. Martha Kinard dismissed case # 16 – CB – 169743 : insufficient evidence.
I have documented these incidents and actions in timely filed reports.

Documents filed with the Field Agent . I have appealed the dismissals to the General Counsel in Washington ; filed : Motions for Reconsideration. All this is in evidence in NLRB files. Evidence does exists and has been presented.

# 5. There have been numerous infractions of the statutes of LMR&D ACT of 1959. Title I ; Title VI ; Title VII. Also infractions of Section 11(c) of the OSH Act. and others. Also infractions and failures to abide IATSE Constitution and Bylaws rules and the Hiring Hall Rules.

#6. December 29, 2015, I was denied employment which was my right by seniority and 9 year safety record. A $5,000.00 income loss. The reasons given did not justify the denial. The actual reason was retaliation.

#7. January 22, 2016:   I filed a letter demanding Appeal / Reinstatement.

#8. January 27, 2016: President of this labor organization Molly Faulk responded with a document stating :
" .. no further action in this matter is required. Any future repetition of the cited actions on your part will result in disciplinary action. "

#10. February 24, 2016: " Further action " was required. I filed a Grievance. Protected under Federal law. The grievance included a directive.
[ Directive was disregarded.]   The grievance did not receive due process.

#11. March 4. 2016, on or about:   During a production at B.P.H., of " Blue Man Group ", Defendants, Molly Faulk and D. D. Freeman were overheard planing to write " steward notes to spoil his case".

# 12. April 2016:   During load in of "Little Mermaid " Wesley Jones was yelled at by Terry Behle, cursed and ordered away from his job duties : "go push a box." . Steward Jim Brady was notified,
and transferred Wes to another assignment.

Page 5.

# 13.    On May 31, 2016 Regional Director Martha Kinard dismissed case

# 16 - CB – 169743 :  " I have decided to dismiss your charge because there is insufficient evidence to establish a violation of the Act."

The dismissal of the Appeal of that decision presented evidence that Union Representatives presented false statements to the NLRB.

# 14.   May 2016:    Before the load out of " Mama Mia ", a road show at BPH, Steward Terry Behle told me to meet him in his office. He handed me a piece of paper, told me to read , sign and date it. After reading it I told him I did not agree with it. I complied with his order. A palpable witness, Larry Henke was in the room. I received  "COPY" of the document.

# 15. June 1, 2016:    Opened Case # 16 – CB – 177604:    Harassment :

[ Since February 2016, the above named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by harassing member Sandy Wesley Jones in retaliation for filing charges with the National Labor Relations Board. ]

My NLRB Field Attorney, Ms. Maxie E. Gallardo had instructed me to report any harassment. I delivered the " Copy " with a rejoinder and she opened Case # 16 – CB – 177604.

A letter June 6, 2016 states : This charge is being investigated by Field Examiner Marene Steben....... you may contact
Supervisory Field Examiner  Linda Davidson....

# 16.    June 28, 2016. Assignment of unqualified employees to rigging positions subjected the employee(s) and the public to risk of physical injury or death during job related activity.       Adverse Employment Action.

# 17.   June 29 2016, Exhibit F : assault incident : Steward Terry Behle yelled false accusations with his finger in Jones' face.

A manifest hostile work environment action.

[ The  Jan. 27, 2016, threatened " disciplinary action " was being implemented. ]

# 18.    June 30, 2016: before work, I Reported the June 29 incident "F" to
BA. Ms. Freeman at about 7: 40am, in accordance with HH Rules.
The employer was notified of the infraction harassment incident.


# 19 July 5, 2016:   I filed Document report "F" with the NLRB. Maurine Steban was the Field Agent assigned to the new case 16 – CB – 177604.
We spoke once by phone, otherwise I have never seen or heard from her.

# 20.  July 13, 2016:  Stalking : Terry Behle badgering in attempt to start a fight. Incident reported, in the July 18, 2016 email to IA E-Board.

# 21.  July 14, 2016,  Assault incident Exhibit "G" : Reported July 15, 2016 to NLRB. Direct evidence of hostile-work environment culminating in firing.


# 22.   July 14, 2016, I phoned the Business Agent. No answer. I texted her and she immediately responded. Exhibit : TX 14, in evidence with the NLRB.

A witness – body guard had been abetted involvement. Later, Jason Hromadka acceded involvement insisting I meet with Behle.

Behle rudely told me I was off the call (fired) and if I came back in the

building he would have me arrested. He had assembled a bevy of police.


# 23.   July 18 2016 I Emailed a statement to IA E-Board :

REPORT on ASSAULT HARASSMENTS  by Terry Behle on Wesley Jones Report Exhibit H Filed  NLRB: Field Supervisor Linda Davidson.


# 24.  July 25, 2016, I hand delivered a letter to Linda Davidson. " Exhibit D-S "
In a brief meeting she assured me that Ms. Steban would call me next morning.   Ms. Steban has never called.


# 25.     August 9, 2016,  Appeal in dismissal of # 16 – CB – 169743 is denied. August 9, 2016 letter from General Counsel Richard F. Griffin, Jr. by Deborah M.P. Yaffe. The NLRB had informed me that the appeal is final, which was not true, a motion to reconsider could be filed.

# 26.     August 22, 2016, E-Board meeting 2: pm with Wesley Jones. I was asked to attend.    40 days after the incident they scheduled the E-Board inquiry. Ms. Molly Faulk stood by me and spoke into some devise about recusing herself. She did not leave the room, and has continued involvement. I was told by the Recording Secretary : " Everyone has read your statement. " Vice President Soni Speer chaired the meeting told me I had 10 minutes to make a statement and a timer was set.    I stood and said : " This all began......" where upon several members started yelling all at once.    I maintained my dignity and waited for order to be restored.

I was told *what they wanted to hear and what they did not want to hear* and the timer was reset. I had not been presented with any charges, and was not obliged to make a statement. They had read my statement and were palpably biased. Jim Brady asked me to read a "pledge" about not filing a suit and stated : " you don't have to sign it." I didn't. This was supposed to have all been recorded. Ms. Speer told me : " We will inform you of our decision and asked me to leave.

# 27. A document, August 22, 2016, Special Executive Board Meeting states in part : " he ( Terry Behle ) admitted to being harassing and angry towards Wes. He admitted his temper got the best if him sometimes..."  Fine $100.00.

# 28.     A few days later Business Agent Freeman phoned and ordered me to go to the Union Hall and meet with Ms. Molly Faulk to sign for their " decision." I declined. Subsequently : a notice of a certified delivery.

It was a document which I filed with the NLRB as, "Exhibit EB 1".

# 29.   Exhibit :  EB 1. dated  August 24, 2016, is an Adverse employment Action; Manifest disciplinary action ; An act of retaliation;

Includes a $200.00 fine ; A harassment requirement in order to avoid being removed from employment referral ;

"This is a warning that future violations will result in your removal from the referral list."    Whose future violations ?  Not stipulated.

# 30. September 9, 2016, Delivered letter to Ms. McCormick and  Ms. Davidson.

October 17, 2016   Filed Grievance with International IATSE ,

President Matthew D. Loeb.                                                 Page 8.

# 31.  October 18, 2016 – October 31, 2016 : " Phantom of the Opera " :

A road show at Bass Performance Hall. Several incidents reported.

The threatened " Future Violation " comes to fruition.

Steward Behle fires Jones because : " People don't like you; your off the call; get out of the building." October 31, 2016.          *Halloween*

Behle's steward report claims a Carter Selby fight, contrary to witnesses.


# 32.  December 4, 2017 :     Retaliation

E-Board document EB 4 states :   " You are removed from the Roster."


# 33. December 16, 2016 :   Filed NLRB charge  # 16 – CB – 190082 :

Since about October 31, 2016, the above named labor organization, by <u>Terry Behle</u>, has restrained and coerced employees in the exercise of rights protected  by section 7 of the Act by causing him to be dismissed from a hiring hall call for reasons that were arbitrary, discriminatory or in bad faith.


# 34.  December 28, 2016 :   I Filed Grievance with IA local 126 : Recording Secretary, Jim Brady.          " PHANTOM "


# 35.  January 4, 2017:    E-Board votes to <u>not</u> "take cognizance" of the December 28 Grievance, against Marla Faulk, Terry Behle, Chip Wood, and Carter Shelby at this time.


# 36.  January 18, 2017:   Sandy Jones Filed Affidavit #1,  28 pages.
 " Case handling *dismissal* issue " resolved.


# 37.  Feb 21, 2017:  E-Board votes, " on advice of counsel ", <u>to</u> "take cognizance" of the  December 28 Grievance.


# 38.  February 23, 2017:    EEOC granted "Notice Right to Sue"

# 39.   © Failure to have an accident prevention plan, Is an accident plan.

The February 24, 2016, Grievance has 2 parts :
Issues #2   Matters of : Rigging, Safety, Liability, and Behavior.

Union Leaders continue to break FUNDAMENTAL RULES of RIGGING by assigning non riggers, who don't know there are rules, to dangerous rigging assignments.  A novice employee rigging, may cause an accident because they do not know correct procedure and rules of rigging. These are not – don't do that without my permission, rules.  Rigging rules are – don't do that because you could kill people. Ms. Faulk and Ms. Freeman have been put on notice by numerous detailed reports and have ignored the clear Rule : " All rigging shall be installed by qualified riggers. " Rule G, Safety, April 2011. This is not opinion but is fact specific. OSHA addresses these matters and Exhibit 4R, presents qualifications required of a ground rigger. It is malfeasance to disregard this responsibility of safety and refuse to abide the rules.     Note # 16 above.

In the event of an accident a Court will decide who is liable. The insurance company will decide the cheapest settlement and a room full of defendants will be left with a lot of legal expenses.    Any claim to assume  responsibility, or any disclaimer of liability, will be be of no force or effect. The leadership is assigning  " warm bodies " and hoping they can :  " Get away with it again ". Keep rolling the dice and snake eyes will happen. Only a matter of when. There is only one way to avoid liability of a disaster, and potential loss of life. That is to **not** have an accident.    Get serious : Plan safety and abide rules.
I said : " Ladies, the Que light is out. Now is the time to get serious."

Wesley Jones included A DIRECTIVE in the grievance as noted.
Molly Faulk et al. presented a document declaring it " without merit ".  9/30/16.

The duty and responsibility of safety and training hang fire,
while leadership engage in a vendetta to remove a rigger in retaliation.

Employers and their Riggers must have a safety plan, an accident prevention plan, that is effective in practice. Also an ongoing training and inspection by competent riggers, Local 126 operates without any safety plan. The active rigger that has put them on written notice of this legally enforceable liability has been removed from employment in retaliation. Employees and the public remain at hazard. The assignment of unqualified personnel to rigging projects is a gamble.    The door is open to the impending future.

This is a problem for the local association of 126. I wish you well and hope you initiate a safety plan that is effective in practice.

# 40. December 2, 2016, After much discussion, all members *present* ( Akeman; Speer; Freeman; Faulk ) agreed that he should be removed from the roster. Their attorney advised : " you should give him the opportunity to explain himself and not " spring " it on him down the road." Jones' written response disregarded ; opportunity precluded. On December 29, 2015, they had " sprung the denial of employment of the 2016 Rodeo, 11 months "*down the road* " : precluding all opportunity to respond before the call start.
    [ Mr. Tanner, I have consistently " Explained myself ".
    " What we have here is a failure to communicate."
    There is an unbending intent to retaliate. ]

# 41. December 4, 2016, meeting : Finance Secretary was asked the amount of expenses for legal regarding Wes Jones charges. Approximately $10,000.00. Wouldn't a fair trial have been been cheaper?
[ Note how they phrased that : amount of expenses... for Wes....]
More to the point : How much have Molly and DD spent to evade an adverse employment decision, and is the meter still running ? Was Molly et al. not apprised of the legal ramifications of retaliation ?
    Molly states : " as well as his lack of response to the reports ( except his Letter ) " They disregarded " his letter " and the 60 + page grievance. There has been no lack of response. Only a lack of " cognizance ".

# 42. December 4, 2016. The removal from the " Roster ", that is denying Jones employment, was accomplished by Ms. Faulk with Anger Management. Anger management in this instance was employed as punishment, along with a fine ; Retaliation. Exhibit EB 1 is evidence of an illicit discriminatory adverse employment action.
    This requirement establishes *anger management* as a policy of disciplinary actions. Jones is opposed engagement in illicit actions.

    With regard to the Andy Cappelli statement. It is a solicited adverse document which Andy characterized as " Silly in tone". Behle from the beginning and throughout the call had, by defamation, caused both River Taylor and Jones trouble with Andy Cappelli and Adam. My December 28 grievance includes a 3 page rejoinder of the "Silly" statement and described the circumstances.
Ms. Faulk and her E-Board overtly chose to not " take cognizance ".

[ Does "not take cognizance" mean "pretend it does not exist" ? ]
It existed before the 12- 2 & 4 - 2016 meetings. Ms. Faulk chose to disregard Wesley Jones' December 3, 2016 letter which addressed : the " safety, protocol, and insubordination " of her and her officers leadership.

# 43.    Take cognizance. I wore new brown cowboy boots and took pictures. These infractions are de minimis.

# 44.    Under Title VII the statutory period is subject to waiver, estoppel, and equitable tolling.

# 45.    Rigging has taught me to do what I am told, <u>only if it is right</u>. This legal endeavor has taught me to oppose what is not right.

Garland Crafton wants to take rigging calls so he can have the show call. Molly Faulk and her B.A. insisted on assigning him the position. He has repeatedly demonstrated lack of knowledge and skill and has no inclination to learn. We who rig, learned with study and experience and maintain the required equipment. We maintain the physical ability, skill and courage to climb and accomplish the job safely. There are dangers. Crafton is not qualified to work with a rigging crew. He is a hindrance and a hazard to the crew and the public.

This is at the root of this retaliation suit. A labor organization contracting rigging projects with out required safety priorities. A 200 pound load, a man, dropping 4 feet produces a shock load around 3,000 pounds. That is more than a small car, and will jerk your arm off. Hiring people without verifying their competence is antithetical to safety. The public has a right that what is up there will not fall. No one has a right to take chances with other peoples lives.

Molly Faulk is intent to cover up her actions. With her authority, she made a wrong decision. And another by refusing a hearing on the matter. And has attempted to intimidate me by retaliation. Congress has established law "..to eliminate or prevent improper practices on the part of labor organizations..."
The grievance process is protected activity. I oppose an organization without a safety plan that is effective in practice. I refuse to participate in illicit actions. These matters are of greater consequence than Molly Faulk's malicious intent.

Page 12.

# 46.     CASES FILED WITH NLRB
AND APPEALS AND MOTIONS FOR RECONSIDERATION

# 1.   February 12, 2016   Opened Case # 16 – CB – 169743

Since about December 29, 2015, the above named labor organization, has refused to refer Sandy Wesley Jones for employment with the Fort Worth Stock Show and Rodeo for reasons other than the failure to tender uniformly required initiation fees and periodic dues.

June 8th 2016    This Appeal is of a finding of Insufficient Evidence.
         Wesley Jones V. Molly Faulk, et al.
   Case No. 16 – CB 169743   and   Case No. 16 – CB - 177604

August 9, 2016, Director of Appeals, Deborah M.P. Yaffe cites : "Repeated Warnings" and "Client Complaints" : indicating pretext false assertions are the basis, grounds, of denial of the case  Case No. 16 – CB – 169743.

August 26th, 2016:  MOTION TO RECONSIDER   # NLRB. No 16 - CB - 169743
              # 16 – CB 177604 under investigation
   I had been told by Agency representatives : "Appeals are final."
By the time I discovered I could in fact file a "Motion for Reconsideration" the  14 day time limit expired, and the perjury was not considered.

# 2.   June 1, 2016    Opened Case # 16 – CB – 177604   Harassment :

Since February 2016, the above named labor organization has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by harassing member Sandy Wesley <u>Jones in retaliation for filing charges with the National Labor relations Board.</u>

September 29, 2016 : Decision to Dismiss : Case No. 16 – CB - 177604
         By Regional Director Martha Kinard

October 10th, 2016,  Motion to Appeal  Case No. 16 – CB - 177604
      General Counsel    Attn : Office of Appeals NLRB 1015 Half Street SE
               Washington, DC 20570 - 0001

Page 13.

February 23, 2017, Mr. Mark Arbesfeld states :

> "The appeal is denied substantially for reasons in the regional Director's letter ( Sept. 29, 2016 )" He cites : " complained-of actions occurred in response to perceived questions and concerns about your job performance.
> And notes : " the other individual involved was also disciplined."

March 7, 2017 MOTION TO RECONSIDER  N.L.R.B.  No 16 – CB - 177604
    February 23, 2017, Denial of appeal.
    Pending :

# 3.  December 16, 2016  Opened Case # 16 – CB – 190082
    Since October 31, 2016, the above named labor organization, by Terry Behle, has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by causing him to be dismissed from a hiring hall call for reasons that were arbitrary, discriminatory or in bad faith.

March 28, 2017  Decision to Dismiss : Based on that investigation,
    I have decided to dismiss your charge because there is insufficient evidence to establish a violation of the Act.
                            By Regional Director Martha Kinard

April 7, 2017   MOTION TO APPEAL    NLRB. No 16 – CB - 190082
      NLRB No 16 – CB – 177604 as evidence of misfeasance and Bias at Region 16. and involving the Office of the General Counsel.

June 7, 2017  © MOTION TO RECONSIDER   NLRB No. 16 – CB - 190082
    ATTENTION Mr. Richard Griffin Jr.     A Formal Complaint

# 4.  February 14, 2017  Opened Case # 16 – CB – 193266
    Since about the past six months, the above named labor organization, has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process grievance(s) of Sandy Wesley Jones for arbitrary or discriminatory reasons or bad faith.

May 31, 2017 Appeal : Case # 16 – CB – 193266
      Refusing to process grievance(s) is a violation of the NLR Act.

# 5.  March 24, 2017     Opened Case # 16 – CB – 195773

Since about the past six months, the above named labor organization, has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by removing Sandy Wesley Jones from the hiring hall referral list for arbitrary or discriminatory reasons or bad faith. Retaliation

## EEOC Notice to Right to SUE

The Equal Employment Opportunity Commission has issued a
Notice of Right to Sue letter ; which I received February 23, 2017.

Page 15.

# 47.                             Relief

Congress has enacted the Civil Rights Act of 1991, which provide monetary damages.  Title VII allows monetary, punitive, and compensatory damages to be awarded to Title VII plaintiffs.   Congress made monetary damages available to encourage citizens to enforce the statute. The Civil Rights Act of 1991 works with Title VII to achieve the goal of eradicating discrimination.

An indication of relief sought

EXEMPLARY DAMAGES ( punitive ) allow recover for damages brought under sections 706 and 717.126, if the defendant acted with malice or reckless indifference to the federally protected rights of the employee.

COMPENSATORY DAMAGES allow recovery for "future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and non pecuniary losses.

Permanent injunctive relief
The defendants actions were planed, harsh, oppressive, and malicious. Terry resorted to lie that I hit him. He in fact hit me.   He had brought a body guard – witness that disclosed the "plan" to the plaintiff but presented a different statement in the steward report. The steward threw a tirade in the storage area which attracted the Client who had to intercede.  A similar incident was initiated during a "future" job and culminating October 31,16.

This stewards wife engaged in illicit disciplinary actions  against the plaintiff in league with her husband's actions and removed the plaintiff from all employment by removing him from the "Roster". This is an attack on the plaintiff's livelihood from a long term alliance with the IATSE Union.

The defendants acted fraudulently with malicious intent to retaliate and harm the plaintiff. The conduct was intentional, with conscious indifference to the rights of the plaintiff, and without justification or excuse.  The plaintiff, therefore, seeks exemplary damages in the sum of $ 100,000.00 .

Ms. Molly Faulk et al, has apparently enjoyed pursuing a vendetta at my expense. My time has been wasted by a duty to continue write numerous Grievances, reports, appeals, letters, and motions. These documents are not easy writing and consumes time and money. My photography work and other projects have been interrupted causing the loss of income. I'm not going to cry but this is a pox on spirit and soul. I should be compensated. The plaintiff, therefore, seeks compensatory damages, an additional $ 100,001.00.

Plaintiff prays all Attorney fees and expenses be reimbursed. Also all expenses and time involved in this matter be compensated. Also front pay and back pay.

THE PETITIONER PRAYS THAT ALL GOODS AND CONSIDERATIONS DEEMED FAIR AND JUST BE GRANTED.

Thank Title VII and Praise the Lord

### VI. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, Information, and belief that this complaint : ( 1 ) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation ; ( 2 ) is supported by existing law or a non frivolous argument for extending, modifying, or reversing existing law ; ( 3 ) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery ; and ( 4 ) the complaint otherwise complies with the requirement of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where my case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's office may result in the dismissal of my case.

Date of signing : June 27, 2017

Signature of Plaintiff : *Sandy Wesley Jones*

Printed Name of Plaintiff : Sandy Wesley Jones

Sandy Wesley Jones
2802 Reese Lane , Azle , Texas , 76020
emeraldmesa@yahoo.com
817 896 2893