## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **J. WESLEY (SANDY) JONES,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00403-Y** |
| | § | |
| **FORT WORTH STAGE EMPLOYEES** | § | |
| **UNION LOCAL 126 et al.,** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

### IATSE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

In accordance with Rules 12(b)(1) and (6), Federal Rules of Civil Procedure, Defendants International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada (*IATSE*), its Local 126 (also known as Fort Worth Stage Employees Local 126) (*Local 126*), and Marla Faulk, Terry Behle, Diane Freeman, Soni Speer, Dan Akeman, Larry Henke, Mike Stephens, Jason Hromadka, Carter Selby, Chip Wood, Tomb Limb, and Garland Crafton (collectively, *lndividual Defendants*), file this motion to dismiss Plaintiff's amended complaint (titled *Amended Charge*) [Doc. 5] for lack of subject matter jurisdiction and for failure to state a claim on which relief can be granted.

### Grounds of Motion

Due to the incoherent and disjointed nature of *pro se* Plaintiff J. Wesley (Sandy) Jones's (*Jones*) live pleading, his *Amended Charge* [Doc. 5], it is exceedingly difficult to discern what claims he intends to assert and against whom he intends to assert them.  Although Plaintiff refers to his lawsuit as one under Title VII, concludes his pleading asking for relief under Title VII, and makes reference to the Civil Rights Act of 1991 in his prayer for relief, at the outset of his

pleading he sets forth a laundry list of federal labor and employment statutes as his *Basis for Jurisdiction.* [Doc. 5. p. 2]. Moreover, despite his attempt to request relief under Title VII, there is no allegation in his *Amended Charge* whatsoever that would indicate that he is in a class protected by Title VII or that he has engaged in any activity of the type that Title VII protects.

It is clear that Plaintiff's claims are based on the very same facts that formed the basis of four separate NLRA unfair labor practice charges that he filed against Local 126 in 2016-2017. The National Labor Relations Board dismissed each of these charges. Jones's appeal has been denied with respect to each of the first three charges, and his appeal of the fourth charge is pending before the NLRB's Office of Appeals. [Defendants' Appendix, Tabs A-E]. Congress has granted exclusive authority to interpret, apply and enforce the NLRA to the NLRB, and federal courts lack original jurisdiction over unfair labor practice charges under the National Labor Relations Act. Because this Court lacks subject matter jurisdiction over Jones's claims, it must dismiss the amended complaint [Doc. 5] under Fed. R. Civ. P. 12(b)(1).

Further, the complaint fails to state a viable claim against any of the Defendants so it should be dismissed in accordance with Fed. R. Civ. P. 12(b)(6).  The complaint fails to state any cognizable claim against Defendants because it is facially deficient in several respects:

    a.   The various unfair labor practice claims alleged are untimely.

    b.  As to unfair labor practice claims, Jones fails to plead any facts suggesting any conduct attributable to either IATSE or any of the Individual Defendants.

    c.  Any Title VII claim is untimely as against Defendants Hromadka, Selby, Wood, Limb, and Crafton.

    d.  None of the Individual Defendants can be held liable under Title VII.

    e.  Jones never exhausted his administrative remedies against IATSE and the Individual

Defendants.

f.   Jones does not state a plausible claim under Title VII as to any defendant.

g.   Jones fails to state a cognizable claim under either 42 U.S.C. § 1981 or § 1983.

h.   Jones fails to state a cognizable claim under section 11(c) of the Occupational Health
     and Safety Act of 1970.

i.   And Jones fails to state a cognizable claim under the Labor-Management Reporting
     and Disclosure Act of 1959.

**Request for Relief**

Defendants respectfully request that the Court grant this motion to dismiss under Rules
12(b)(1) and (6) and enter an order dismissing the complaint with prejudice, award attorney fees
and costs to Defendants, and grant such further relief to which Defendants may be justly entitled.

Dated July 28, 2017.

Respectfully submitted,

/s/ Rod Tanner
**Rod Tanner**
Texas Bar No. 19637500
rtanner@rodtannerlaw.com
**Charles R. Hairston**
State Bar No. 24007304
chairston@rodtannerlaw.com
**Tanner and Associates, PC**
6300 Ridglea Place
Suite 407
Fort Worth, Texas 76116
817.377.8833 (phone)
817.377.1136 (fax)

### Certificate of Service

In accordance with Fed. R. Civ. P. 5(b) and N.D. Tex. Local Rule 5.1, the undersigned attorney certifies that on July 28, 2017, a copy of the foregoing document was served on plaintiff, *pro se*, via electronic mail and U.S. First Class Mail at the residence and e-mail address shown below.

J Wesley Jones
2802 Reese Lane
Azle, Texas 76020
emeraldmesa@yahoo.com

/s/ Rod Tanner
**Rod Tanner**