# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **J. WESLEY (SANDY) JONES,** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| **v.** | § | **Civil Action No. 4:17-cv-00403-Y** |
| | § | |
| **FORT WORTH STAGE EMPLOYEES** | § | |
| **UNION LOCAL 126 et al.,** | § | |
| | § | |
| | § | |
| **Defendants** | § | |

## MEMORANDUM BRIEF IN SUPPORT OF IATSE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT

**Rod Tanner**
**Texas Bar No. 19637500**
**rtanner@rodtannerlaw.com**
**Charles R. Hairston**
**Texas Bar No. 24007304**
**chairston@rodtannerlaw.com**
**Tanner and Associates, PC**
**6300 Ridglea Place, Suite 407**
**Fort Worth, Texas 76116-5706**
**817.377.8833 (phone)**
**817.377.1136 (fax)**

# Table of Contents

Table of Authorities ................................................................................................................. ii

Procedural History ................................................................................................................. 1

Background ............................................................................................................................. 5

Argument and Authorities...................................................................................................... 6

    I.       The Standards Governing a Motion to Dismiss Under Rule 12 ........................................ 6

    II.      The Amended Complaint Should Be Dismissed Under Rule 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction Over the Claims Asserted............................................. 9

    III.     The Court Should Dismiss the Amended Complaint Under Rule 12(b)(6) Because Jones Fails to State a Claim Upon Which Relief Can Be Granted ............................................. 13

            A.      Jones's Unfair Labor Practice Claims Are Facially Deficient............................ 13

                       1.      Jones's NLRA Claims are Untimely in Whole or Part ........................... 13

                       2.      The Amended Complaint Does Not Allege Any Conduct Attributable to Local 126 or Any of the Individual Defendants That Could Result in the Liability of Any of Them ...................................................................... 14

            B.      Jones Fails to State a Cognizable Title VII Claim ............................................. 16

                       1.      Any Title VII Claims Asserted in the Amended Complaint Are Untimely as to Defendants Hromdka, Selby, Wood, Limb and Crafton ............... 17

                       2.      The Individual Defendants Cannot Be Liable Under Title VII ............. 17

                       3.      Jones Never Exhausted His Administrative Remedies .......................... 18

                       4.      The Complaint Is Deficient.................................................................... 18

            C.      Jones Fails to State a Cognizable Claim Under Sections 1981 and 1983........... 20

            D.      Jones Fails to State a Cognizable Claim Under Section 11(c) of OSHA............. 22

            E.      Jones Fails to State a Cognizable Claim Under the LMRDA.............................. 23

Conclusion ............................................................................................................................. 24

Certificate of Service ............................................................................................................. 25

**Table of Authorities**

**Cases**                                                                    **Page**

*Arnold v. Air Midwest, Inc.*,
   100 F.3d 857 (10th Cir. 1996)................................................................... 16

*Atkinson v. Sinclair Refining Co.*,
   370 U.S. 238 (1962)............................................................................... 16

*Bailey v. City of Ann Arbor*,
   860 F. 3d 382 (6th Cir. 2017).................................................................... 7

*Basso v. Utah Power & Light Co.*,
   495 F.2d 906 (10th Cir. 1974) ................................................................... 7

*Becker v. NLRB*,
   678 F. Supp. 406 (E.D. N. Y.) ................................................................. 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)................................................................................. 8

*Burlington N. & Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006).................................................................................. 19

*Carbon Fuel Co. v. United Mine Workers*,
   444 U.S. 212 (1979)................................................................................ 15

*Cochran v. BAC Loans Servicing LP*,
   No. 3:14-CV-2269-N, 2015 WL 13118077 (N.D. Tex. Jan. 21, 2015) ........................... 7

*Collins v. Morgan Stanley Dean Witter*,
   224 F.3d 496 (5th Cir. 2000)............................................................... 7, 10

*Dao v. Auchan Hypermarket*,
   96 F.3d 787 (5th Cir. 1996).............................................................. 17, 18

*De Madeiros v. Berryhill*,
   No. 3:17-CV-204-G (BF), 2017 WL 2570901 (N.D. Tex. June 9, 2017)......................... 6

*Dicey v. Pickens*,
   506 Fed. App'x 647 (9th Cir. 2013)........................................................... 7

*Dickerson v. O'Neill*,
   73 F. App's 84 (5th Cir. 2003) ............................................................... 21

*DelCostello v. Int'l Bd. of Teamsters*,
   462 U.S. 151, 169 (1983)........................................................................ 14

*Donaldson v. Taylor Prods Div. of Tecumseh Prods. Co.*,
   620 F.2d 155 (7th Cir. 1980).................................................................. 21

*Durko v. 01-Neg TV Prods.*
　　870 F. Supp. 1278 (M.D. Pa. 1994) ........................................................................... 13

*Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776,*
　　346 U.S. 485 (1953)...................................................................................................... 10

*George v. Aztec Rental Center, Inc.,*
　　763 F.2d 184 (5th Cir. 1985)...................................................................................... 23

*Grass v. St. Francis Cmty. Servs. & Letitia Herrman,*
　　No. 16-01058-EFM-GEB, 2016 WL 6124986 (D. Kan. Oct. 20, 2016) ................... 6, 9

*Hall v. Bellmon,*
　　935 F.2d 1106 (10th Cir. 1991) ................................................................................... 9

*Harris v. PBC NBADL, LLC,*
　　444 F. App'x 300 (10th Cir. 2011) .............................................................................. 8

*Holt v. United States,*
　　46 F.3d 1000 (10th Cir. 1995) ..................................................................................... 7

*Iqbal v. Ashcroft,*
　　556 U.S. 662 *(2009)*................................................................................................... 8

*Kastens v. IAM,*
　　No. 16-1344-EFM-GEB, 2017 WL 3053994 (D. Kan. July 19, 2017)......................... 10

*Kavowras v. N.Y. Times Co.,*
　　328 F.3d 50 (2d Cir. 2003)........................................................................................... 7

*Local 926, International Union of Operating Engineers v. Jones,*
　　460 U.S. 669 (1983)...................................................................................................... 9

*Marie v. Gaylord Paper Manuf.*
　　Civ. A. 03-3011, 2004 WL 392733 (E.D. La. March 2, 2004)................................... 8, 9

*Marcus v. Kan. Dep't of Revenue,*
　　170 F.3d 1305 (10th Cir. 1999) ................................................................................... 7

*Martinez v. American Fed. of Gov't Employees,*
　　980 F.2d 103 (5th Cir. 1993)...................................................................................... 23

*McCoy v. City of Shreveport,*
　　492 F.3d 551 (5th Cir. 2007 (per curiam) ................................................................ 19

*Nilsen v. City of Moss Point, Miss.*
　　674 F.2d 379, 381 (5th Cir. 1982)............................................................................. 17

*Pegram v. Honeywell, Inc.,*
　　361 F.3d 272, 281 (5th Cir. 2004)............................................................................. 21

*R2 Invs. LDC v. Phillips*,
    401 F.3d 638 (5th Cir. 2005) ............................................................................ 8

*Ringgold v. National Maintenance Corp.*,
    796 F.2d 769 (5th Cir. 1986) .......................................................................... 17

*San Diego Building Trades Council, Local 2020 v. Garmon*,
    359 U.S. 236 (1959) ........................................................................................ 10

*Scanlan v. Texas A&M University*,
    343 F.3d 533 (5th Cir. 2003) ............................................................................ 7

*Shero v. City of Grove, Okl.*
    510 F.3d 1196 (10th Cir. 2007) ........................................................................ 8

*Spy Optic, Inc. v. Alibaba.com*
    163 F. Supp.3d 755 (C.D. Cal. 2015) ............................................................... 7

*Surf City Steel v. International Longshore and Warehouse Union*,
    No. CV-14-05604 BRO, 2015 WL 12655707 ................................................. 7

*Stults v. Conoco*,
    76 F.3d 651 (5th Cir. 1996) ............................................................................ 18

*Taylor v. Books A Million, Inc.*,
    296 F.3d 376, 379 (5th Cir. 2002) .................................................................. 17

*United States v. Ritchie*
    342 F.3d 903, 908 (9th Cir. 2003) .................................................................... 7

*University of Texas Sw. Med. Ctr. v. Nassar*,
    133 S. Ct. 2517 (2013) ................................................................................... 20

*Vaca v. Sipes*,
    386 U.S. 171 (1967) ....................................................................................... 12

*Valley v. American Girl, Inc.*
    ___ Fed. App'x ___, 2017 WL 2829096 (5th Cir. June 29, 2017) ................... 9

*Warner v. Lear Corp.*,
    No. 3:15-CV-1878-D, 2016 WL 339606 (N.D. Tex. Jan. 28, 2016) .............. 20

*Whitney v. New Mexico*,
    113 F.3d 1170 (10th Cir. 1997) ........................................................................ 9

*Wesley v. Gen. Drivers, Warehousmen & Helpers Local 745*,
    660 F.3d 211 (5th Cir. 2011) .......................................................................... 21

*Williams v. Knaus*,
    No. 16-1303-EFM-GEB, 2016 WL 7386460 (D. Kan. Dec. 21, 2016) ........... 8

*Wyeth Lab. v. U.S. Dist. Ct.,*
    851 F.2d 321, 324 (10th Cir. 1988)...................................................................................7

**Statutes, Regulations and Rules**

29 U.S.C. § 142..............................................................................................................5
29 U.S.C. § 151 et seq.....................................................................................................9
29 U.S.C. § 152..............................................................................................................5
29 U.S.C. § 153.........................................................................................................10, 12
29 U.S.C. § 157..............................................................................................................9
29 U.S.C. § 158..............................................................................................................9
29 U.S.C. § 160......................................................................................................9, 12, 14
29 U.S.C. § 401.............................................................................................................23
29 U.S.C. § 411.............................................................................................................23
29 U.S.C. § 412.............................................................................................................23
29 U.S.C. § 415.............................................................................................................23
29 U.S.C. § 660(c).........................................................................................................23
42 U.S.C. § 1981......................................................................................................20, 21
42 U.S.C. § 1983......................................................................................................20, 22
42 U.S.C. § 2000e.........................................................................................................18
42 U.S.C. § 2000e-2(b)...................................................................................................18
42 U.S.C. § 2000e-2(c)...................................................................................................19
42 U.S.C. § 2000e-3(a)...................................................................................................19
42 U.S.C. § 2000e-5(f)(1)...............................................................................................17
Fed. R. Civ. P. 12(h)(3)....................................................................................................7

**Treatises**

32A Am. Jur. 2d Federal Practice and Procedure § 1228 (1982)..............................................7

To the Honorable Terry R. Means, United States District Judge:

Defendants International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada (*IATSE*), its affiliated Local 126 (also known as Fort Worth Stage Employees Local 126) (*Local 126*), and individuals Marla Faulk, Terry Behle, Diane Freeman, Soni Speer, Dan Akeman, Larry Henke, Mike Stephens, Jason Hromadka, Carter Selby, Chip Wood, Tom Limb and Garland Crafton[1] file this Memorandum Brief in Support of Defendants' Motion to Dismiss Amended Complaint.

## Procedural History

Between February 12, 2016, and February 14, 2017, Plaintiff J. Wesley (Sandy) Jones (*Jones*) filed four separate unfair labor practice charges against Local 126 with the National Labor Relations Board (*NLRB*) as set forth below.

### Case No. 16-CB-169743 (*Charge 1*)

On February 12, 2016, Jones filed Charge 1, alleging that Local 126 had "refused to refer Sandy Wesley Jones for employment with the Fort Worth Stock Show and Rodeo for reasons other than the failure to tender uniformly required initiation fees and periodic dues." [App. B p. 6][2] By letter dated May 31, 2016, Martha Kinard (*Kinard*), Regional Director of NLRB Region 16, informed Jones of her decision to dismiss his charge "because there is insufficient evidence to establish a violation of the Act." [App. B pp. 7-8]

By letter dated August 9, 2016, the NLRB General Counsel's Office of Appeals notified Jones that his appeal of the dismissal of Charge 1 had been denied because "there was

---

[1] The undersigned counsel is representing all defendants other than Defendant Martha Kinard (*Kinard*), Regional Director (retired) of NLRB Region 16, and files this motion to dismiss on behalf of each of such represented defendants.  References to *IATSE Defendants* herein are to all defendants other than Kinard.

[2] App. ___ refers to the tab of Defendants' Appendix filed in support of this motion to dismiss.

insufficient evidence to establish that the Union violated the National Labor Relations Act, as alleged, by failing to refer you to the Fort Worth Stock Show and Rodeo." [App. B pp. 7-8] In particular, the General Counsel concluded that there was insufficient evidence to substantiate Jones's claim that the reason he was not referred was because he was a whistle-blower, finding instead that the evidence established that the IATSE did not refer Jones to the Rodeo because of his conduct on previous Rodeo assignments.  Moreover, because the Union's hiring hall is non-exclusive, there was no duty of fair representation and, in any event, there was insufficient evidence to establish that the Union was motivated by invidious, arbitrary or discriminatory considerations rather than by the complaints of a hiring hall client." [App. B pp. 11-12]  The General Counsel rejected Jones's request for reconsideration by letter dated September 8, 2016. [App. B pp. 13-14]

**Case No. 16-CB-177604 (*Charge 2*)**

On June 1, 2016, Jones filed Case No. 16-CB-177604, alleging that Local 126 had "restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by harassing member Sandy Wesley Jones in retaliation for filing charges with the National Labor Relations Board." [App. C p. 16] The employer named in that case was the "Bass Performance Hall (Mamma Mia Production)." [App. C p. 16] By letter to Jones dated September 29, 2016, Kinard informed Jones of her decision not to issue a complaint in the matter. [App. C pp. 17-19] As the basis of her decision, she noted that Local 126 did not have a duty of fair representation with regard to the incidents that Jones alleged to be "harassment by union agents" because the employers in question had non-exclusive hiring hall arrangements with the Union. [App. C pp. 17-19]  Further, Kinard concluded that as to certain incidents that Jones alleged to be the result of the Union's retaliation against him, the Union took the actions in questions not

in retaliation, but for "legitimate, non-discriminatory, disciplinary reasons." [App. C pp. 12-14]

Finally, Kinard found there was no evidence that Jones's employment opportunities with

employers that had an exclusive hiring hall arrangement had been affected by the alleged

harassment, but that instead he had declined certain employment opportunities and that "[t]he

Union "did not violate the Act in accepting your decision to decline these employment

opportunities." [App. C p. 17]

By letter dated February 23, 2017, the General Counsel notified Jones that his appeal

had been denied, substantially for the reasons set forth in Kinard's September 29, 2016 letter:

> The Region's investigation revealed insufficient evidence to prove that you
> were harassed or retaliated against for filing previous charges with this Agency or
> for any other protected activity in which you may have engaged. The investigation
> instead disclosed that the complained-of actions occurred in response to perceived
> questions and concerns about your job performance. Moreover, and as stated by
> the Regional Director regarding the incident involving the alleged physical
> altercation, the investigation disclosed that the other individual involved was also
> disciplined. This discipline was issued after both of you had the opportunity to
> present evidence before the Union's E-Board. Therefore, we could not conclude
> that the union discriminated against your or otherwise applied it hiring hall
> discipline rules in a disparate manner.

[App. C pp. 22-23]

### Case No. 16-CB-190082 (*Charge 3*)

In the meantime, on December 16, 2016, Jones filed Charge 3, alleging that Local 126

had, with regard to the Bass, "[s]ince about October 31. . . restrained and coerced employees in

the exercise or rights protected by Section 7 of the Act by causing him to be dismissed from a

hiring hall call for reasons that were arbitrary, discriminatory or in bad faith." [App. D p. 25]

By letter dated March 28, 2017, Kinard informed Jones of her decision to dismiss his charge

"because there is insufficient evidence to establish a violation of the Act." [App. D pp. 26-27]

By letter dated May 30, 2017, the General Counsel notified Jones that his appeal had

been denied because "the evidence was insufficient to establish that the Union removed you from the [hiring] call because of any protected activity in which you may have engaged. Rather, the evidence revealed that you were removed from the call due to reports of poor performance and work misconduct." [App. D pp. 30-31] The General Counsel also found that after his removal from the hiring hall, Jones had declined an invitation to attend a scheduled E-Board meeting to respond to allegations against him and that as a result, he had been notified that he had been "removed from the work roster for failing to comply with required conditions related to the incident." [App. D pp. 30-31] On June 23, 2017, the General Counsel notified Jones of his receipt of Jones's motion for reconsideration. [App. D pp. 32-33].

### Case No. 16-CB-193266 (*Charge 4*)

On February 14, 2017, Jones filed Charge 4, alleging that Local 126 had for about six months, "restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by refusing to process the grievance(s) of Sandy Wesley Jones for arbitrary or discriminatory reasons or in bad faith." [App. E p. 35] Timothy L. Watson, Acting Regional Director of NLRB Region 16, notified Jones of the dismissal of the charge "because there is insufficient evidence to establish a violation of the Act" by letter dated May 22, 2017. [App. E pp. 36-38] On June 22, 2017, the General Counsel notified Jones of its receipt of his appeal of the case. [App. E p. 39].

Jones commenced this civil action [Doc. 1] on May 17, 2017, and filed his amended complaint, titling it *Amended Charge* (*Complaint*) [Doc. 5], on June 27, 2017. The style of the Complaint names only *Fort Worth Stage Employees Union Local 126* as the party defendant. However, in another section of the Complaint, Jones identifies IATSE as a party defendant. [Doc. 1 p. 2] Also in sections of the Complaint other than the style, Jones identifies thirteen

individuals as defendants, including six Local 126 officers, Maria Faulk (president), Terry Behle (job agent steward), Diane Freeman (business agent), Dan Akeman (sergeant at arms), Soni Speer (vice-president), and Larry Henke (financial secretary), as well as six other members of IATSE, Mike Stephens, Jason Hromadka, Carter Selby, Chip Wood, Tom Limb, and Garland Drafton (collectively, *Local 126 Individual Defendants*). [Doc. 5 pp. 1, 3]  Kinard is also a named defendant.

Although Jones recites a panoply of other federal labor and employment statutes as the purported *Basis for Jurisdiction* of the instant lawsuit, it is clear that the gravamen of Jones's claims is that Local 126 violated Sections 8(b)(1)(A) and (2) of the NLRA based on the same conduct that formed the basis of his four unfair labor practice charges that were previously litigated before the NLRB. [App. B-E]

## Background

IATSE is an international labor organization engaged in representing or acting for employees in industries affecting interstate commerce as defined in the NLRA, 29 U.S.C. §§ 142(1), (3), and 152(5), (6) and (7). IATSE's members work in the live theater, motion picture and television production, trade shows and exhibitions, television broadcasting, and concerts as well as the equipment and construction shops that support all these areas of the entertainment industry. With more than 130,000 current members, IATSE represents virtually all the behind-the-scenes workers in crafts ranging from motion picture animator to theater usher. Its headquarters are located in New York, New York.

Local 126 is a local labor organization affiliated with IATSE, and is based in Fort Worth, Texas. Local 126 runs a hiring hall for local employers such as the Bass Performance Hall (*Bass*) and the Fort Worth Stock Show and Rodeo (*Rodeo*). Jones is a member of Local 126, and he has on occasion been referred to both the Bass and the Rodeo for employment opportunities

under Local 126's hiring hall rules. [Doc. 5 p. 4, ¶ 3 (Rodeo), p. 5, ¶ 11) (Bass), p. 6, ¶ 14 (Bass)].

It is difficult to discern the nature of the claims that Jones attempts to assert in his *pro se* Complaint. As his *Basis for Jurisdiction* of the lawsuit, Jones references a laundry list of federal statutes including several sections of Title VII of the Civil Rights Act of 1964 (*Title VII*), several provisions of the Labor Management Reporting and Disclosure Act of 1959 (*LMRDA*), and Section 11(c) of the Occupational Health & Safety Act of 1970 (*OSHA*).  The basis for his claims against the Local 126 Individual Defendants is even less clear.  Jones alleges generally that they were involved in *illicit actions* and that they are "complicit in matters addressed in this charge." [Doc. 5 p. 2, 3]

**Argument and Authorities**

For reasons which follow, the Court should dismiss the Complaint for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted.

## I.      The Standards Governing a Motion to Dismiss Under Rule 12

**Rule 12(b)(1).** Under Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss a complaint for lack of subject matter jurisdiction. Rule 12(b)(1) motions generally take the form of facial attacks on the complaint or factual attacks on the accuracy of its allegations. *De Madeiros v. Berryhill*, No. 3:17-CV-204-G (BF), 2017 WL 2570901, at *2 (N.D. Tex. June 9, 2017); *Grass v. St. Francis Cmty. Servs. & Letitia Herrman,* No. 16-01058-EFM-GEB, 2016 WL 6124986, at *1 (D. Kan. Oct. 20, 2016) (Citations omitted). Where, as here, a defendant presents a facial challenge to the complaint, the court presumes the accuracy of Plaintiff's factual allegations and does not consider evidence outside the complaint. *Scanlan v. Texas A&M University*, 343 F.3d 533, 536 (5th Cir. 2003); *Holt v. United States*, 46 F.3d 1000,

1002-03 (10th Cir. 1995) (citations omitted).[3]

"[F]ederal courts are tribunals of limited jurisdiction with only those powers conferred by Congress." *Wyeth Lab. v. U.S. Dist. Ct.*, 851 F.2d 321, 324 (10th Cir. 1988) (citing 32A Am. Jur. 2d Federal Practice and Procedure § 1228 (1982)). Courts "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974); Fed. R. Civ. P. 12(h)(3). Because federal courts are courts of limited jurisdiction, they presume a lack of jurisdiction, and the plaintiff bears the burden of alleging sufficient facts to overcome this presumption. *Marcus v. Kan. Dep't of Revenue*, 170 F.3d 1305, 1309 (10th Cir. 1999) (citation omitted). Even where a plaintiff is proceeding pro se, he is required to allege sufficient facts in his Complaint to show that the Court has subject matter jurisdiction over each of his claims. *Williams v. Knaus*, No. 16-1303-EFM-

---

[3] Significantly, the Court may take judicial notice of the NLRB filings and decisions under Tabs B-E of the Appendix without converting this motion to dismiss into a motion for summary judgment because two exceptions to the rule that courts do not look to materials outside the pleadings are applicable here – the documents are public records of which the Court can take judicial notice, and Jones refers to them and relies upon them in his Complaint. *See Bailey v. City of Ann Arbor*, 860 F.3d 382, 386 (6th Cir. 2017) ("a court ruling on a motion to dismiss 'may consider materials in addition to the Complaint if such materials are public records or are otherwise appropriate for the taking of judicial notice.'") (emphasis in original) (Quoting *New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP*, 336 F.3d 495, 501 (6th Cir. 2003)); *Kavowras v. N.Y. Times Co.*, 328 F.3d 50, 57 (2d Cir. 2003) (district court properly took judicial notice of NLRB charge in context of Rule 12(b)(6) motion to dismiss); *Surf City Steel, Inc., v. International Longshore and Warehouse Union*, No. CV 14–05604 BRO, 2015 WL 12655707 *3 (C.D. Cal. June 20, 2015) (citing *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003)). Such public documents are considered for their existence and their contents, and not for the truth of the matters asserted therein. *Surf City*, 2015 WL 12655707 at *3 (citing *Dicey v. Pickens*, 506 Fed. App'x. 647, 648 (9th Cir. 2013).

Taking judicial notice of such administrative records is particularly appropriate where, as here, the plaintiff refers to or relies upon matters evidenced by the documents in question. *Spy Optic, Inc. v. Alibaba.Com*, 163 F.Supp.3d 755, 761-62 (C.D. Cal. 2015) (on motion to dismiss, although a court does not typically look beyond the complaint to avoid conversion, the court may properly take judicial notice of matters as to which reference is made in or that are relied upon by the complaint, or that are matters of public record); *Cochran v. BAC Loans Servicing, LP* No. 3:14-CV-2269-N, 2015 WL 13118077 (N.D. Tex. Jan. 21, 2015) ("'[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's Complaint and are central to her claim.'") (quoting *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)) (emphasis added) *See* Complaint [Doc. 5], ¶ 3 (Jones pleads that he filed Charge 1), ¶ 4 (pleading that Kinard dismissed the case for insufficient evidence, that Jones appealed and then later filed a motion for reconsideration, and adding that "[a]ll that is evidence in the NLRB files."), ¶ 13 (stating that "[o]n May 31, 2016, Regional Director Martha Kinard dismissed case # 16-CB-169743," and quoting from Kinard's letter), ¶ 15 (pleading that he filed Charge 2), ¶ 25 (pleading that his appeal of the dismissal of Charge 1 was denied), ¶ 33 (pleading that he filed Charge 3), pp. 13-15 (summarizing the details of the filing of and decisions on all four of his NLRB charges).

GEB, 2016 WL 7386460, at *1 (D. Kan. Dec. 21, 2016) (Melgren, J.) (Citing *Harris v. PBC NBADL, LLC*, 444 F. App'x 300, 301 (10th Cir. 2011)); *Marie v. Gaylord Paper Manufacturer*, Civ. A. 03-3011, 2004 WL 392733 *1 (E.D. La. March 2, 2004).

**Rule 12(b)(6).** Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint based on the plaintiff's failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal v. Ashcroft*, 556 U.S. 662, 677 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *Whitaker v. Collier*, ___ F.3d ___, 2017 WL 2889077 (5th Cir. July 7, 2017). A complaint states a plausible claim for relief when "the factual allegations contained therein infer actual misconduct on the part of the defendant, not a mere possibility of misconduct." *Id.* Conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to avoid dismissal. *Shero v. City of Grove, Okl.,* 510 F.3d 1196, 1200 (10th Cir. 2007). The district court's focus in a Rule 12(b)(6) determination is not whether the plaintiff should prevail on the merits, but rather whether the plaintiff has failed to state a claim. *Twombly*, 550 U.S. at 565 n. 8.

While well-pleaded facts of a complaint are to be accepted as true, legal conclusions are not entitled to the assumption of truth. *Iqbal,* 556 U.S. at 680 (citation omitted). Moreover, the court should not strain to find inferences favorable to the plaintiff and is not to accept conclusory allegations, unwarranted deductions, or legal conclusions. *R2 Invs. LDC v. Phillips,* 401 F.3d 638, 642 (5th Cir. 2005) (citations omitted).

Courts generally construe the pleadings of a pro se plaintiff liberally, and such pleadings are held to a less stringent standard than formal pleadings drafted by an attorney. *Valley v. American Girl, LLC*, ___ Fed. App'x ___, 2017 WL 2829096 (5th Cir. June 29, 2017); *Grass*, 2016

WL 6124986, at *2 (citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)); *Marie*,

2004 WL 392733 *1. But the district court "does not have to assume the role of advocate for

the *pro se* litigant." *Id.* Thus, the court should not provide "additional factual allegations to round

out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New*

*Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## II.     The Amended Complaint Should Be Dismissed Under Rule 12(b)(1) Because the Court Lacks Subject Matter Jurisdiction Over the Claims Asserted

Jones's Complaint fails on its face to prove that his claims are within this Court's limited

subject matter jurisdiction, and no possible interpretation of the pleadings could support a

finding of jurisdiction because the claims asserted are within the exclusive jurisdiction of the

NLRB.

The NLRA, 29 U.S.C. § 151 et seq., represents a "comprehensive amalgam of

substantive law and regulatory arrangements . . . to govern labor-management relations affecting

interstate commerce." *Local 926, International Union of Operating Engineers v. Jones*, 460 U.S.

669, 675-76 (1983). Section 7 of the NLRA, 29 U.S.C. § 157, creates the general right of

employees to form, join, or assist labor organizations to engage in collective bargaining and

other concerted activities for mutual protection, and the right to refrain from such concerted

action. Section 8 of the statute, 29 U.S.C. § 158, establishes various categories of unfair labor

practices, thereby prohibiting certain kinds of conduct by employers and labor organizations.

Enforcement of the NLRA is entrusted exclusively to the NLRB. *See* 29 U.S.C. § 160(a)

("The Board is empowered, as hereinafter provided, to prevent any person from engaging in any

unfair labor practice (listed in section 158 of this title) affecting commerce."). In *San Diego*

*Building Trades Council, Local 2020 v. Garmon*, the U.S. Supreme Court recognized that the

broad powers conferred by Congress upon the Board to interpret and enforce the NLRA

necessarily imply that potentially conflicting "rules of law, of remedy, and of administration" cannot be permitted to operate. 359 U.S. 236, 242 (1959). In enacting the NLRA,

> Congress did not merely lay down a substantive rule of law to be enforced by any tribunal competent to apply law generally to the parties. It went on to confide primary interpretation and application of its rules to a specific and specially constituted tribunal and prescribed a particular procedure for investigation, Complaint and notice, and hearing and decision, including judicial relief pending a final administrative order. Congress evidently considered that centralized administration of specially designed procedures was necessary to obtain uniform application of its substantive rules and to avoid these diversities and conflicts likely to result from a variety of local procedures and attitudes toward labor controversies. . . . A multiplicity of tribunals and a diversity of procedures are quite as apt to produce incompatible or conflicting adjudications as are different rules of substantive law.

*Garner v. Teamsters, Chauffeurs & Helpers Local Union No. 776,* 346 U.S. 485, 490-91 (1953). As a result, it is axiomatic that neither federal nor state courts have original jurisdiction over unfair labor practices under the NLRA or suits directly involving "activity [which] is arguably subject to § 7 or § 8 of the Act." *Garmon*, 359 U.S. at 245. *See also Kastens v. IAM*, No. 16-1344-EFM-GEB, 2017 WL 3053994 *2 (D. Kan. July 19, 2017) ("The NLRB holds exclusive jurisdiction over unfair labor practices prohibited by the NLRA under the *Garmon* Doctrine.") (Footnote omitted).

Instead, the NRLB's General Counsel has final authority over the issuance of charges and the filing of unfair labor practice complaints, and his decision to dismiss a charge is not subject to judicial review. 29 U.S.C. § 153(d) (Board's General Counsel "shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of complaints under section 160 of this title."); *NLRB v. SW General, Inc*., ___ U.S. ___, 137 S. Ct. 929, 937 (2017) (General Counsel's responsibilities include exercising final authority over the issuance of unfair labor practice complaints); *Collins v. Kroger and Local 1000*, *United Food & Commercial Workers*, No. 4:16-CV-00386-O-BP, 2017 WL 2774064 (N.D. Tex. June 6, 2017) ("The

General Counsel's decision whether to issue a complaint or not is final and not subject to judicial review.") (Citing *Detroit Edison Co. v. Nat'l Labor Relations Bd.*, 440 U.S. 301, 316 (1979)).

In this case, although Jones does not use the terms "unfair labor practice" in his complaint, it is readily apparent that the allegations of his complaint are the very same allegations on which he premised his four unfair labor practice charges that he previously filed with the NLRB. The Regional Director has reviewed and dismissed each of such charges. Moreover, the General Counsel has already dismissed the appeal of Charges 1, 2 and 3, with the appeal of Charge 4 still pending. [App. B-E].

In light of the NLRB charge documents and official notices dismissing the charges and appeals that are included in the Appendix accompanying this motion, it is abundantly clear that Jones is attempting to make an end-run around the NLRB's exclusive jurisdiction by recasting the alleged violations of the NLRA as other statutory claims. However, the Court need not even look beyond the allegations on the face of Jones's Complaint to make this determination. In this regard, his *Statement of Claim* is largely a timeline of the events leading up to his filing of his four unfair labor practice charges against Local 126 and the NRLB's disposition of those charges after he filed them. *See, e.g.,* Complaint [Doc. 5] at ¶ 3 (Jones pleads that he filed Charge 1), ¶ 4 (pleading that Kinard dismissed the case for insufficient evidence, that Jones appealed and then later filed a motion for reconsideration, and adding that "[a]ll that is evidence in the NLRB files."), ¶ 13 (stating that "[o]n May 31, 2016, Regional Director Martha Kinard dismissed case # 16-CB-169743," and quoting from Kinard's letter), ¶ 15 (pleading that he filed Charge 2), ¶ 25 (pleading that his appeal of the dismissal of Charge 1 was denied), ¶ 33 (pleading that he filed Charge 3), pp. 13-15 (summarizing the details of the filing of and decisions on all four of his NLRB charges). The alleged misconduct is clearly all of the same conduct that the Regional

Director and General Counsel previously investigated and found to lack merit.

In *Becker v. NLRB*, 678 F. Supp. 406 (E.D.N.Y. 1987), the court rejected a similar attempt by a pro se plaintiff to rehash his claims with the NLRB, his employer, and the union in federal district court, dismissing the claims with prejudice.[4] *Id*. at 409. As in this case, the plaintiff had filed multiple unfair labor practice charges with the NLRB, alleging retaliation and harassment, all but one of which was dismissed and the appeals denied by the General Counsel. *Id*. at 407-408.

> **The court agrees with the observation of the NLRB that, in reality, plaintiff is seeking review of the General Counsel's refusal to issue a complaint on the various charges filed by Becker with the Board. Construing the complaint in this way, it must be dismissed with prejudice, as this court lacks jurisdiction to review the General Counsel's refusal to issue a complaint.**

> \* \* \*The NLRB does not initiate any proceedings itself, but proceeds only when unfair labor practice charges have been filed with it. Once such charges are filed, the Regional Director for the region in which the charges were filed will investigate these charges to determine whether a complaint should issue, and a determination not to issue a complaint is then appealable to the General Counsel.

> Section 3(d) of the Act, 29 U.S.C. § 153(d), provides, in pertinent part, that "the General Counsel of the Board ... shall have final authority, on behalf of the Board, in respect of the investigation of charges and issuance of Complaints under Section 10 [29 U.S.C. § 160] ..." (emphasis supplied). **In a long and unbroken series of decisions by the Supreme Court and the Courts of Appeal, this provision, and the general scheme of the Act, have been interpreted to preclude judicial review of the General Counsel's processing of charges and refusal to issue Complaints**. *See, e.g., Vaca v. Sipes*, 386 U.S. 171, 182, 87 S. Ct. 903, 912, 17 L.Ed.2d 842 (1967); *United Electrical Contractors Ass'n v. Ordman*, 366 F.2d 776, 776 (2d Cir. 1966), *cert. denied*, 385 U.S. 1026, 87 S. Ct. 753, 17 L. Ed.2d 674 (1967); *Dunn v. Retail Clerks Internat'l Assoc*., 307 F.2d 285, 288 (6th Cir. 1962); *National Maritime Union v. NLRB*, 423 F.2d 625, 626 (2d Cir. 1970); *International Brotherhood of Teamsters v. NLRB*, 339 F.2d 795, 799 (2d Cir. 1964); *Bova v. Pipefitters & Plumbers Local 60, AFL-CIO*, 554 F.2d 226, 228 (5th Cir.1977).

---

[4] Although it dismissed the plaintiff's claims against the employer and the NLRB with prejudice on grounds that the agency had exclusive jurisdiction, the district court did not dismiss the plaintiff's hybrid duty of fair representation claim against the union on those grounds. Rather, the court held that the DFR claim was not within the NLRB's exclusive jurisdiction, but nevertheless dismissed it on grounds that it was barred by the six-month statute of limitations under 29 U.S.C. § 160(b).

> In *Peltzman v. Central Gulf Lines, Inc*., 497 F.2d 332, 334 (2d Cir. 1974),
> the court concluded that "any claim that the company has committed an unfair
> labor practice in discharging [an employee] would plainly be subject to the
> exclusive jurisdiction of the NLRB."

*Id*. at 408-09 (emphasis added).[5]  *See also Durko v. 01-Neg TV Products*, 870 F. Supp. 1278

(M.D. Pa. 1994) ("even disguised attempts to invoke the district court's jurisdiction in order to

review the NLRB's determinations to not issue a Complaint cannot be entertained.").

Because Jones's Complaint is nothing more than an effort to obtain impermissible

judicial review of the unsuccessful unfair labor practice charges that he previously filed with

the NLRB, the Court must dismiss each of such claims for lack of subject matter jurisdiction.

**III.     The Court Should Dismiss the Amended Complaint Under Rule 12(b)(6) Because
           Jones Fails to State a Claim upon Which Relief Can Be Granted**

In any event, Plaintiff's Complaint fails to state a claim upon which relief can be granted

and thus should be dismissed under Rule 12(b)(6) for several reasons.

**A.     Jones's Unfair Labor Practice Claims Are Facially Deficient**

Of course, as a threshold matter, the Complaint must be dismissed because Jones

attempts to re-litigate unfair labor practice claims that are within the exclusive jurisdiction of

the NLRB. But even if there were some plausible independent basis for re-litigating these unfair

labor practice claims in federal district court, the Complaint is facially deficient because the

claims are untimely, and there are no allegations of fact that could impose any liability on the

IATSE and the Individual Defendants.

**1.     Jones's NLRA Claims Are Untimely**

---

[5] Even though the plaintiff was *pro se* and proceeding *in forma pauperis*, the court found it appropriate to award a
nominal sanction against the plaintiff as a deterrent.  *Id*. at 409-10.  In *Becker*, the General Counsel's letters to
Becker denying his appeals included admonitions that the decisions were not reviewable by a court of law.  *Id*.

Any unfair labor practice claim now asserted based on the majority of the allegations of the Complaint is now time-barred. In this regard, Section 10(b) of the Act establishes a six-month limitations period for such claims:

> *Provided,* That no Complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made . . .

29 U.S.C. § 160; *See also DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 169 (1983) ("We refer to § 10(b) of the National Labor Relations Act, which establishes a six-month period for making charges of unfair labor practices to the NLRB.").

It is difficult to decipher what facts form the basis of Jones's claims, but given that two of his unfair labor practice charges were filed with the NLRB by June 1, 2016 [App. B-D], with Charge 3 relying on alleged conduct that occurred on October 31, 2016, it seems clear that a great majority of Jones's claims are time-barred. Charge 4, which was filed on February 14, 2017, gives as its basis alleged conduct that occurred "[s]ince about the last six months." [App. E].

Accordingly, the limitations period with respect to most of Jones's claims expired before May 17, 2017, the date on which he commenced the instant civil action. He has not suggested any basis for tolling the limitations period, and none exists. Because his claims are untimely, the Complaint should be dismissed under Rule 12(b)(6) for failing to state a claim on which relief can be granted.

### 2. The Complaint Does Not Allege Any Conduct Attributable to Local 126 or Any of the Individual Defendants That Could Result in the Liability of Any of Them

Jones's claims against IATSE Local 126 and the Individual Defendants must be dismissed because there are no factual allegations of misconduct attributable to any of them. As

previously discussed, it is not even clear that Jones intends to include IATSE as a defendant in the lawsuit or whether he intends to sue only Local 126, as the IATSE seems to be mentioned only in one place, in the listing of the defendants at page 2 of the Complaint. And it is undisputed that neither the events in dispute nor the unfair labor practice charges involved the International Union. Throughout the Complaint, Jones mostly avoids referring to a specific defendant, but he sometimes refers variously to "Union" or "labor organization" without specifying whether he is referring to IATSE or Local 126, or one or more officials of any of these organizations, but most of these references are quotations from one of his four NLRB charges. For example, Jones quotes the allegations of his Charge 2 as follows:

> Since February 2016, the **above named labor organization** has restrained and coerced employees in the exercise of rights protected by Section 7 of the Act by harassing member Sandy Wesley Jones in retaliation for filing charges with the National Labor Relations Board.

[Doc. 5 p. 6] (Emphasis added)

Moreover, Jones's filed the four NLRB charges against "International Alliance of Theatrical and Stage Employees, Local 126."  [Ex. B-E p. 1] There is no allegation that IATSE was in any way involved in the conduct forming the basis of such unfair labor practice charges. The NLRB proceeding did not involve IATSE, and no facts are asserted in the judicial Complaint that suggest the International Union was responsible for any of the alleged misconduct.

Generally, in cases brought by a union member against his or her local union, an affiliated international or national union is not liable for the actions of the local union unless it is shown that such international or national union instigated, supported, ratified or encouraged the local union's actions, or that the local union acted pursuant to an agreement with the international union. *See Carbon Fuel Co. v. United Mine Workers,* 444 U.S. 212, 218 (1979). Jones did not allege that any of those circumstances were present in the prior NLRB proceedings, and he does

not assert such circumstances in the current civil action. Thus, he has not alleged sufficient facts to assert any misconduct on the part of IATSE, so any possible claim against the labor organization must be dismissed under Rule 12(b)(6). *Iqbal*, 556 U.S. at 677.

Similarly, Jones alleges no facts that infer any actionable misconduct by any of the Local 126 Individual Defendants; rather, his allegations in which one or more of them is mentioned are more in the nature of describing their involvement as fact witnesses. By Jones's own allegations, six of the Individual Defendants are officers or representatives of Local 126, and the other six are not.  [Doc. 5 p. 3] Even if Jones did allege any facts that could be construed as a viable cause of action against any of the Local 126 Individual Defendants, he nevertheless could not state a claim against any of them because union officers are not individually liable for alleged unfair labor practices by their union. "Generally, a union's agents may not be held individually liable for actions taken on behalf of the union." *Arnold v. Air Midwest, Inc.,* 100 F.3d 857, 861 (10th Cir. 1996) (citing *Atkinson v. Sinclair Refining Co.,* 370 U.S. 238, 249 (1962)).  Of course, the six named individuals who are merely members, not officers of Local 126, cannot be held personally liable for any alleged unfair labor practices, either.  Accordingly, any claims asserted against the Local 126 Individual Defendants must be dismissed under Rule 12(b)(6).

### A.    Jones Fails to State a Cognizable Title VII Claim

Despite the fact that Jones at one point in his Complaint refers to this as a *Title VII suit*, [Doc. 5 p. 3] he has not even attempted to state any plausible Title VII claim against any of the IATSE Defendants. [Doc. 5]. Although the Complaint contains general allegations as to alleged retaliation and hostile work environment [Doc. 2 p. 3], Jones did not allege any discrimination based on gender, race, color, national origin, religion, or any other protected characteristic under Title VII, nor did he allege any retaliation based on activity protected under Title VII.

1.       **Any Title VII Claims Asserted in the Complaint Are Untimely as to Defendants Hromadka, Selby, Wood, Limb and Crafton**

As a preliminary matter, any Title VII claim Jones asserts against Defendants Hromadka, Selby, Wood, Limb and Crafton should be dismissed as untimely. Employment discrimination plaintiffs must exhaust administrative remedies before pursuing claims in federal court, and exhaustion occurs when the plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue. *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996). Title VII provides that claimants have 90 days to file a civil action after receipt of such a notice from the EEOC. *Nilsen v. City of Moss Point, Miss.*, 674 F.2d 379, 381 (5th Cir. 1982) (citing 42 U.S.C. § 2000e-5(f)(1)). This requirement to file a civil action within the 90-day limitation period is strictly construed. *See Ringgold v. National Maintenance Corp.*, 796 F.2d 769, 770 (5th Cir. 1986). Courts in the Fifth Circuit have repeatedly dismissed cases in which the plaintiff did not file a complaint until after the ninety-day limitation period had expired. *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 379 (5th Cir. 2002). Filing an EEOC charge "is a precondition to filing suit in district court." *Dao*, 96 F.3d at 789.

In this case, the EEOC issued a notice of right to sue on February 23, 2017 [Doc 1, p. 14; Doc. 5, 15; App. E p. 30]. Jones filed the amended Complaint (titled *Amended Charge*) on June 27, 2017, after the 90-day limitation period had expired. Because Defendants Hromadka, Selby, Wood, Limb and Crafton were not joined as parties until the filing of the amended Complaint, any Title VII claim against them is untimely and must be dismissed.

2.       **The Individual Defendants Cannot Be Liable Under Title VII**

The Complaint does not clearly indicate which Defendant(s) allegedly violated Title VII, although it implies that Jones asserts a Title VII claim against each of the Individual Defendants. [Doc. 2 p. 3] ("The defendants were involved in acts which are the subject of this charge and

should have anticipated that they would be name in a Title VII suit."). To the extent that Jones alleges an employment discrimination or retaliation claim against any of the Individual Defendants, such claim must be dismissed because Title VII does not apply to individuals who do not otherwise qualify as an *employer* under the statute. *Stults v. Conoco, Inc*., 76 F.3d 651, 655 (5th Cir. 1996); 42 U.S.C. 2000e-2(b).

### 3.  Jones Never Exhausted His Administrative Remedies

Further, Jones asserts that he filed an employment discrimination charge with the EEOC and that the agency issued a notice of his right to file a civil action regarding his Title VII claim. [Doc. 1 p. 16] But he never filed, and the EEOC never investigated, an employment discrimination charge against IATSE and the Individual Defendants since the Charge of Discrimination he filed on February 2, 2017, names only *IATSE Local 126* as the entity that allegedly discriminated against him. The Charge of Discrimination makes no mention of the International Union, and mentions Defendants Faulk, Freeman, Behle and Stewart only in the section for the description of Jones's alleged *Personal Harm* as persons who ""gave me unsubstantiated write-ups for infractions, denied me jobs, denied me due process of trial, and subjected me to a hostile work environment by means of physical assault, and illicit disciplinary actions." [Doc. 1 p. 16]. Thus, any possible claims that Jones might otherwise have against IATSE and the Individual Defendants for alleged violations of Title VII are now barred. *Dao*, 596 F.3d at 789; 42 U.S.C. § 2000e.

### 4.  The Complaint Is Deficient

The only box that Jones checked on his Charge of Discrimination to signify the basis for the alleged discrimination was *Retaliation*. [Doc. 1 p. 16] The Fifth Circuit has described the framework for a Title VII retaliation claim as follows:

To establish a prima facie case of retaliation, the plaintiff must establish that (1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action.

If the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or non-retaliatory reason for its employment action. The employer's burden is only one of production, not persuasion, and involves no credibility assessment. If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007) (per curiam). The Supreme Court has defined adverse employment actions for purposes of retaliation under Title VII:

In our view, a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, "which in this context means it well might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'"

*Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citations omitted).

In the instant case, Jones has failed to state a prima facie case of retaliation under Title VII. First and foremost, he has not alleged that he engaged in any activity protected by Title VII as there is no mention in the Complaint whatsoever of Jones engaging in any action designed to oppose any discrimination based on gender, race, color, national origin, religion or genetic predisposition. *See* 42 U.S.C. 2000e-2(c). Instead, the reports on which Jones relies for his retaliation claims are reports of alleged unsafe conditions, a matter that is not protected under Title VII. The retaliation provision of Title VII only relates to protected activity under that statute, and not protected activity under any other statute, so the filing of the discrimination charge with the EEOC and TWC and any related claims about perceived discrimination are the only protected activities alleged under Title VII. *See* 42 U.S.C. § 2000e-3(a).

In addition, Title VII retaliation claims must be proved under a *but-for* causation

standard. This requires proof that unlawful retaliation would not have occurred in the absence of the alleged wrongful action of the defendant. *Warner v. Lear Corp.*, 2016 WL 339606, at *4 (N.D. Tex. Jan. 28, 2016) ("a plaintiff making a retaliation claim under § 2000e-3(a) must establish that his or her protected activity was a but-for cause of the alleged adverse action by the employer.") (Citing *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2534 (2013))

In this case, there is no pleading regarding any protected activity covered by Title VII in the first instance. Moreover, Jones has made no allegation that but for his decision to file an employment discrimination charge against Local 126, the Union would not have discriminated or retaliated against him. In fact, the multitude of allegations in his pleading having nothing to do with the EEOC charge clearly suggest otherwise. There are simply no allegations suggesting any connection whatsoever between the filing of the EEOC charge and any conduct whatsoever by the Union.

### C.  Jones Fails to State a Cognizable Claim Under Sections 1981 and 1983

Jones makes only one bare reference to 42 U.S.C. § 1981 and § 1983 in his opening *Basis for Jurisdiction* statement. [Doc 5 p. 2]. These sections are never again mentioned in the Complaint. [Doc. 5]. Thus, Defendants have no notice whatsoever of what claims, if any, are asserted under this statutory provision. The Complaint does not state whether this is a discrimination or retaliation claim or both, nor does it make any factual allegations forming the basis of the claim. Accordingly, the Complaint utterly fails to state any cognizable Section 1981 or Section 1983 claim.

Even if the Complaint is read liberally and it is inferred that Jones intended to assert his Title VII claim as a Section 1981 claim, that claim must still be dismissed. Section 1981 states that all persons shall have the right "to make and enforce contracts, to sue, be parties, give

evidence, and to full and equal benefit of all laws and proceedings for the security of persons and property … and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of no kind, and to no other.   42 U.S.C. § 1981. Generally, Section 1981 race discrimination and retaliation claims are analyzed under the same burden shifting framework as Title VII claims. *See, e.g., Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 (5th Cir. 2004).

To state a claim under Section 1981, a union member must show that (1) he was subjected to an adverse union action; (2) he was treated less favorably by the union than employees of different races; and (3) this differential treatment arose from purposeful racial discrimination. *Wesley v. Gen. Drivers, Warehousemen & Helpers Local 745*, 660 F.3d 211, 213-14 (5th Cir. 2011). Courts will not accept as true conclusory allegations without specific facts; thus, even where a plaintiff states in his pleadings that his labor union intended to discriminate against him, the claim will still be dismissed under Rule 12(b)(6) where no specific facts are alleged to support that allegation. *Dickerson v. O'Neill*, 73 F. App'x 84, *2 (5th Cir. 2003).

Here, Jones has not pled that he was subjected to an adverse union action. *See Wesley*, 660 F.3d at 215 (no adverse union action where there was no evidence that the union engaged in a practice of failing to pursue race-related grievances, and no evidence that the union utterly failed to represent the member because of his race, even where the plaintiff would have preferred the union to take more action to address perceived race discrimination). Jones has similarly not pled any facts to support a conclusion that Local 126 intentionally discriminated against him based on his race, nor has he pled any facts that would suggest that the Union ever treated him any worse than members outside of his protected class. *See Donaldson v. Taylor Prods. Div. of Tecumseh Prods. Co.*, 620 F.2d 155, 159 (7th Cir. 1980) (union member failed to state a Section

1981 claim for race discrimination by union).

Section 1981 also encompasses retaliation claims. *CBOCS W., Inc. v. Humphries*, 553 U.S. 442, 446 (2008).  The same analytical framework of Title VII is applied, and to demonstrate retaliation under the statute, a plaintiff must show that (1) he engaged in activity protected by § 1981; (2) he was subjected to an adverse action; and (3) a causal link exists between the protected activity and the adverse action. *Zastrow v. Houston Auto Imports Greenway Ltd.*, 789 F.3d 553, 564 (5th Cir. 2015).

As discussed above, Jones fails to state a retaliation claim in his Complaint. There is no allegation that he engaged in any protected activity under Section 1981, or his engagement in any such protected activity somehow motivated any of the Defendants to retaliate against him, so there is no suggestion of but-for causation. To the extent Jones has attempted to assert a Section 1981 discrimination or retaliation claim against any of the Defendants, that claim should be dismissed.

Inexplicably, Plaintiff also makes a brief reference to 42 U.S.C. § 1983 as a *Basis for Jurisdiction*. [Doc. 5 p. 2.] This statute provides a cause of action for persons whose constitutional or legal rights have been deprived by a person acting under color of state law.  42 U.S.C. § 1983. This provision plainly has no application here as Local 126 and all Local 126 Individual Defendants are private parties, and to the extent that Jones attempts to assert a claim under the statute, the claim must be dismissed.

**D.      Jones Fails to State a Cognizable Claim Under Section 11(c) of OSHA**

In both the *Basis for Jurisdiction* [Doc. 5 p. 2] and the *Statement of Claim* sections of the Complaint [Doc. 5 p, 4], Jones makes a brief reference to Section 11(c) of the Occupational Health & Safety Act, 29 U.S.C. § 660(c). Under that section an employee who believes that he has been

discharged or otherwise discriminated against by any person for making a safety Complaint can file a complaint with the Secretary of Labor within 30 days of the incident.  29 U.S.C. § 660(c).  If the Secretary of Labor determines that the section has been violated, he can bring an action in federal district court. *Id*. Jones has not stated a cognizable claim under this statute because there is no private right of action under the statute for retaliatory discharge. *George v. Aztec Rental Center, Inc.*, 763 F.2d 184, 186-87 (5th Cir. 1985). Moreover, Jones does not allege that he timely filed any report with the Secretary of Labor within 30 days of any of the incidents alleged in the complaint as required by the plain language of the statute.  [Doc. 5]

###    E.    Jones Fails to State a Cognizable Claim Under the LMRDA

Jones also identifies 29 U.S.C. §§ 401, 411, 412, and 415 as part of the *Basis for Jurisdiction* for his case.  [Doc. 5 p. 1] None of those statutory provisions is mentioned again in the Complaint. Section 411 provides union members with a Bill of Rights in relation to their union, including equal rights, a right of freedom of speech and assembly, limitations on dues increases, protection of the right to sue, and procedural safeguards for disciplinary action. 29 U.S.C. 411. An aggrieved union member can file a civil action if his rights under the Bill of Rights have been violated. 29 U.S.C. § 412. *See Martinez v. American Fed. of Gov't Employees*, 980 F.2d 1039, 1041 (5th Cir. 1993) (union member can bring suit to vindicate rights granted under the Bill of Rights). Section 415 requires only that a union advise its members of the provisions of the subchapter.

Jones fails to state any cognizable claim under Section 412 because he fails to specify any way in which his rights under the Bill of Rights have been violated. Accordingly, the claim should be summarily dismissed.

**Conclusion**

The Court lacks subject matter jurisdiction of Jones's claims so the Complaint should be dismissed. Assuming for the purpose of argument that the Court has jurisdiction over this dispute, the Complaint fails to state any claim against any Defendant upon which relief can be granted. *Iqbal*, 556 U.S. at 677; *Twombly*, 550 U.S. at 570. Moreover, Jones's claims are untimely in whole or in part, and the Complaint does not allege any facts imputing liability to IATSE Local 126 or any of the Individual Defendants. Thus, there are no pleadings that plausibly support any cognizable claim against Defendants. Accordingly, the Complaint should be dismissed with prejudice under Rule 12(b)(1) or Rule 12(b)(6), and Defendants should be awarded reasonable attorney fees and all costs of court incurred in defending Jones's frivolous claims.[8]

Dated July 28, 2017.

Respectfully submitted,

/s/ Rod Tanner
**Rod Tanner**
**Charles R. Hairston**

**Certificate of Service**

In accordance with Fed. R. Civ. P. 5(b) and N.D. Tex. Local Rule 5.1, the undersigned attorney certifies that on July 28, 2017, a copy of the foregoing brief was served on the Plaintiff, *pro se*, via electronic mail and U.S. First Class Mail at the addresses shown below.

J. Wesley (Sandy) Jones
2802 Reese Lane
Azle, Texas 76020
emeraldmesa@yahoo.com

/s/ Rod Tanner
**Rod Tanner**