UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **J. WESLEY (SANDY) JONES,** | § § § § | |
| Plaintiff | | |
| v. | § § § § § § § § § | Civil Action No. 4:17-cv-00403-Y |
| **FORT WORTH STAGE EMPLOYEES UNION LOCAL 126 et al.,** | | |
| Defendants | | |

**REPLY TO PLAINTIFF'S RESPONSE TO IATSE DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT**

Defendants International Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists and Allied Crafts of the United States, Its Territories and Canada (*IATSE*), its Local 126 (also known as Fort Worth Stage Employees Local 126), and Marla Faulk, Terry Behle, Diane Freeman, Soni Speer, Dan Akeman, Larry Henke, Mike Stephens, Jason Hromadka, Carter Selby, Chip Wood, Tomb Limb, and Garland Crafton (collectively, *lndividual Defendants*) file their reply to Plaintiff's Brief in Response to IATSE Defendants' Motion to Dismiss Amended Complaint [Doc. 11] as follows.

**I.     Plaintiff Fails to Respond to the Deficiencies Addressed in The Motion to Dismiss**

In IATSE Defendants' motion to dismiss amended complaint [Doc. 8] and supporting brief [Doc. 9], Defendants request the Court to dismiss all purported claims asserted by Plaintiff for lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. Plaintiff's response [Doc. 11] does not substantively address the fatal deficiencies forming the basis of the motion to dismiss. Instead, Plaintiff merely restates the same type of

disjointed allegations that make the amended complaint virtually incomprehensible.

In responding to Defendants' contention that the amended complaint should be dismissed for lack of subject matter jurisdiction, Plaintiff provides a brief statement of his view of Title VII and then states that the "Plaintiff mandated by Congress has come forward." [Doc. 11 ¶ 1] Nowhere in the response does Plaintiff address the fundamental problem with the amended complaint that compels dismissal under Fed. R. Civ. P. 12(b)(1), which is that, as discussed in detail in Defendants' brief in support of the motion to dismiss, Plaintiff's claims are based on the same facts that formed the basis of four separate unfair labor practice charges that he filed against Local 126 in 2016-2017 with the National Labor Relations Board, all of which have been dismissed. [Doc 9 pp. 9-13]

In responding to Defendants' contention that the amended complaint should be dismissed for failure to state a claim on which relief can be granted, Plaintiff refers to "item #47" of the amended pleading, which appears to be a paragraph addressing the relief Plaintiff is seeking in this lawsuit, and page 46 "in the appendix," which appears to be a reference to the appendix included with Plaintiff's response, which also addresses the relief sought by Plaintiff in this lawsuit. [Doc. 11, ¶ 2] Plaintiff does not address how he could bring unfair labor practice charges when, in addition to being outside the subject matter jurisdiction of the court, such charges would be untimely. [Doc. 9 pp. 13-14] Plaintiff also fails to address how such charges could be maintained against IATSE and the individual defendants when he failed to include any factual allegations against them that could result in liability under any legal theory. [Doc. 9 pp. 14-16]

With respect to his Title VII claim, Plaintiff does not address how he could sustain such a claim when he has not alleged any discrimination based on a protected characteristic under

Title VII. [Doc. 9 pp. 16-17] Plaintiff also does not address how he could pursue a Title VII claim against individual Defendants Selby, Wood, Limb, and Crafton when they were not joined as parties in the amended complaint until long after Title VII's ninety-day limitation period had expired, or how he could pursue such a claim against any of the individual defendants when there is no allegation that any of them were "employers" under the statute. [Doc. 9 pp. 17-18] Plaintiff also fails to address how a Title VII claim could be maintained against IATSE and the individual defendants when he failed to exhaust his administrative remedies with respect to any of them. [Doc. 9 p. 18]

Plaintiff also fails to address how he can sustain a claim of retaliation under Title VII -- the only claim he has made under the statute -- when he failed to allege that he engaged in protected activity under Title VII. In his response to the motion to dismiss, as in his amended complaint, Plaintiff repeatedly references safety complaints he made about his employer's "failure to assign qualified riggers," filings he made with the NLRB, and a grievance. [Doc. 11 ¶¶ 4, 5, 7, 8] Based on Plaintiff's limited description of these actions, none of them had anything to do with opposing discrimination based on gender, race, color, national origin, religion or genetic predisposition and thus cannot constitute protected activity under Title VII. [Doc. 9 pp. 18-19] Plaintiff also fails to address his failure to include any allegation in the amended complaint that the claimed protected activity was the "but-for" cause of any adverse employment action. [Doc. 9 pp. 19-20]

Plaintiff referenced Sections 1981 and 1983 one time in his amended complaint. [Doc. 5 p.2] It is not clear whether he actually intended to assert a claim under either section, and in his response to the motion to dismiss, Plaintiff does not mention Sections 1981 and 1983 at all. Consequently, it appears that he either never intended to assert claims under Sections 1981 and

1983 or that he has abandoned such claims.

Plaintiff referenced Section 11(c) of the OSH Act in his amended complaint. [Doc. 5 pp. 2, 4] He also referenced "OSHA" and Section 11(c) in his response to the motion to dismiss, but it is still not clear whether he is attempting to actually assert a claim under that provision. [Doc. 11 ¶¶ 7, 8] To the extent he is attempting to assert a claim under Section 11(c), Plaintiff does not address how he could maintain such a claim when (1) there is no allegation in his amended complaint that he timely filed a complaint with the Secretary of Labor, and (2) there is no private right of action for Section 11(c) claims.

Plaintiff referenced 29 U.S.C. §§ 401, 411, 412, and 415 one time in his amended complaint. [Doc. 5 p.1] It is not clear whether he actually intended to assert a claim under those sections, and in his response to the motion to dismiss, Plaintiff does not mention them at all. Consequently, it appears that he either never intended to assert claims under 29 U.S.C. §§ 401, 411, 412, and 415, or that he has abandoned such claims.

## II.   Plaintiff's Allegation That the Motion to Dismiss Constitutes Retaliation Under Title VII is Baseless

There are multiple comments in Plaintiff's response to the motion to dismiss suggesting that the filing of Defendants' motion to dismiss constitutes retaliation under Title VII. [Doc. 11 ¶¶ 4, 5, 12] Plainly this is not the case. Plaintiff filed a frivolous civil action and Defendants are seeking to have the lawsuit dismissed. In any event, the mere filing of a motion to dismiss cannot support a claim for retaliation under Title VII. 42 U.S.C. § 2000e-2(c)(1)-(3) (defining unlawful employment practices by a labor organization); *see also Hernandez v. Crawford Bldg. Material Co.*, 321 F.3d 528, 532-33 (5th Cir. 2003) (per curiam) (rejecting argument that the filing of a counterclaim could constitute an adverse action for purposes of a retaliation claim against an employer under Title VII and limiting such actions to those similar to the actions referenced in

§ 2000e–2(a)(1)). Additionally, since there is no suggestion that Plaintiff has filed a charge on the subject with the EEOC or has received a right-to-sue notice, Plaintiff has failed to exhaust his administrative remedies with respect to such a claim and cannot pursue it in this action. *Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) (holding a plaintiff must exhaust administrative remedies before filing a civil action under Title VII), *cert. denied*, 523 U.S. 1136, 118 S. Ct. 1839, 140 L.Ed.2d 1090 (1998). Consequently, to the extent Plaintiff is claiming that the filing of the motion to dismiss constituted retaliation under Title VII, the claim is baseless and should be summarily rejected.

## Conclusion

For these reasons, the IATSE Defendants' motion to dismiss the amended complaint should be granted in all respects.

Dated August 18, 2017.

Respectfully submitted,

/s/ Rod Tanner
**Rod Tanner**
Texas Bar No. 19637500
rtanner@rodtannerlaw.com
**Charles R. Hairston**
State Bar No. 24007304
chairston@rodtannerlaw.com
**Tanner and Associates, PC**
6300 Ridglea Place
Suite 407
Fort Worth, Texas 76116
817.377.8833 (phone)
817.377.1136 (fax)

**Certificate of Service**

In accordance with Fed. R. Civ. P. 5(b) and N.D. Tex. Local Rule 5.1, the undersigned attorney certifies that on August 18, 2017, a copy of the foregoing document was served on plaintiff, *pro se*, via electronic mail and U.S. First Class Mail at the residence and e-mail address shown below.

    J Wesley Jones
    2802 Reese Lane
    Azle, Texas 76020
    emeraldmesa@yahoo.com

                           /s/ Rod Tanner
                          **Rod Tanner**